# CHARLESTON.

*Huntington Brick & Tile Co., *et al*

*v.*

Public Service Commission

(No. 6554)

Dissenting Note filed by Judge Litz in the above styled case, reported at p. 569 of this volume.

I agree with the Public Service Commission that the instant record does not present such a new case as would justify the changing of our former decision without overruling it. The same facts, though modified in degree, still exist. Although, as it now appears, the stock of the United Fuel Gas Company and the Huntington Development & Gas Company is very largely owned by a holding corporation, there is outstanding in the hands of the public $149,250.00 of the stock of the former and $19,400.00 of the stock of the latter. The remedy of the applicant, as pointed out in the first opinion of the Court (written by Judge Miller), is by application for a reduction of the rates charged by the Huntington Development & Gas Company. In this connection, it was there stated: "If, as is admitted, the only purpose of the complainant was to get cheaper gas, why was the application not made to the commission to compel the intervenor (Huntington Development & Gas Company) to reduce its rates? It entered the field as a competitor of the United Fuel Gas Company, and at a greatly reduced rate, and took away a large portion of its patrons. Why not reduce its rates if too high, and not burden the other utility with a service neither desired nor justly imposed upon it? The intervenor if fully equipped to render the service, is in the field with all necessary connections, and is ready and willing to serve its customers. Why duplicate the service to the ruination and destruction of the intervenor and its prop-

---

* For majority opinions, see pages 569 and 602, this volume. Copy of dissenting opinions were not furnished the Reporter until December 28, 1929, after book was printed.

erty?'' Referring to the common ownership of stock in the United Fuel Gas Company and the Huntington Development & Gas Company, JUDGE MILLER also said: ''The commission was no doubt greatly influenced in reaching its conclusion by the facts elicited from officers of the United Fuel Gas company respecting the present relationship of both utilities to the Columbia Gas & Electric Company, a holding company, now the owner of 51% of the capital stock of the United Fuel Gas Company, and 49% of the stock of the Ohio Fuel Supply Company, and of a controlling interest in the Huntington Development & Gas Company; wherefore it was considered that they might with right and justice relieve the one utility and cast its burdens on the other without substantial injury to the rights and interests of either company, which we think can hardly be justified upon any principles applicable to public utilities subject to its control and supervision. There is no community of interest, so far as the record shows, between the utilities involved here. The Columbia Gas & Electric Company was not before the commission, and the commission's order could not directly affect the rights of that company. *And what has become of the rights of the minority stockholders of the utilities involved here? The directors are bound to administer the properties for the benefit of all stockholders, minority as well as majority.''* A small minority interest is as much entitled to protection as a large minority interest.